[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals

## For the First Circuit

---

No. 00-2221

UNITED STATES,

Appellee,

v.

DARYL E. SINGLETERRY,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. Gene Carter, U.S. District Judge]

---

Before

Boudin, Chief Judge,
Torruella and Selya, Circuit Judges.

---

Daryl E. Singleterry on brief pro se.
Paula D. Silsby, United States Attorney, and Margaret D. McGaughey, Appellate Chief, on brief for appellee.

---

September 27,2001

---

**Per Curiam**. Daryl E. Singleterry appeals the district court's denial of his motion to dismiss Count III, a forfeiture count, in his 1993 indictment and to return the forfeited money to him. Unlike the original judgment of November 2, 1993, the amended judgment of July 30, 1998, entered after remand from this court, did not reference Count III. Singleterry argued that the amended judgment's failure to comply with Fed. R. Crim. P. 32(d)(2)'s requirement that "a final order of forfeiture shall be made part of the sentence and included in the judgment" revived his opportunity to challenge the forfeiture count. He claimed that, because the forfeiture count was not mentioned in the amended judgment, that count must be dismissed. But, he offers no supporting case law for that proposition.

We find neither error of law nor abuse of discretion in the district court's denial of Singleterry's motion to dismiss Count III. Nothing about Count III was in dispute either before or after entry of the amended judgment. Neither party raised any issue regarding Count III on remand. And, there is no evidence that the district court intended on remand to effect any change regarding that count. From aught that appears, the failure to reference Count III in the amended judgment of July 1998 was simply a

clerical oversight in the preparation of the amended judgment. Such an mistake is subject to correction pursuant to Fed. R. Crim. P. 36  Cf. United States v. Loe, 248 F.3d 449, 464 (5th Cir. 2001) (finding nothing objectionable about a nunc pro tunc amendment to the judgment referencing the forfeiture).

The district court's denial of the motion to dismiss Count III is affirmed.